**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| MICHAEL H. ROWE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 2:10-cv-01579-JCM-LRL |
| v. ) | |
| ) | **O R D E R** |
| PACIFIC DENTAL SERVICES, INC. d/b/a/ ) | |
| ALEXANDER DENTAL SERVICES, *et al.*, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on defendants' Motion to Compel Arbitration (#6) and Motion to Stay Proceedings (#9). The court has considered the motions (## 6, 9), plaintiff's Opposition (#10), and defendants' Reply (#11). On January 18, 2011, the court granted the parties Stipulation to Continue Federal Rule of Civil Procedure 26(f) Conference (#12), pending the court's ruling on the motions (##6, 9). Order on Stipulation (#13).

Plaintiff, who is deaf, was hired on October 6, 2006 as a dentist by defendant, Sharifan MLK Dental Services, Inc. d/b/a Alexander Dental Group. On October 31, 2006, he signed an Acknowledgment of Binding Arbitration Policy. On March 26, 2009, plaintiff's employment was terminated. On September 15, 2010, plaintiff filed his Complaint (#1), through which he alleges that he was discriminated against because he is deaf in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* ("ADA") and N.R.S. § 613.310, *et seq.* Defendants seek an order compelling plaintiff to arbitrate the claims set forth in the complaint pursuant to the arbitration agreement and to stay proceedings in the pending lawsuit. Plaintiff maintains that in signing the Acknowledgment of Binding Arbitration Policy he did not waive his right to a jury trial regarding potential ADA claims, and therefore the claims should proceed in this court. The Acknowledgment of Binding Arbitration Policy

is approximately one page and provides, in pertinent part:

> I agree and acknowledge that Pacific Dental Services and its affiliated companies (collectively, "the Company")[1] and I will utilize binding arbitration to resolve all disputes that may arise out of the employment context. Both the Company and I agree that **any claim, dispute, and/or controversy that either I may have against the Company** (or its owners, directors, officers, managers, employees, agents, and parties affiliated with its employee benefit and health plans) **or the Company may have against me, arising from, related to, or having any relationship or connection whatsoever with my seeking employment by, or other association with the Company shall be submitted to and determined exclusively by binding arbitration under the Federal Arbitration Act**, . . . .
>
> **Included within the scope of this Agreement are all disputes, whether they be based on the California Fair Employment and Housing Act, Title VII of the Civil Rights Act of 1964, as amended, or any other state or federal law or regulation, equitable law, or otherwise**, with exception of claims arising under the National Labor Relations Act which are brought before the National Labor Relations Board, claims for medical and disability benefits under the California Workers' Compensation Act, Employment Development Department claims, or as otherwise required by state or federal law.
>
> However, nothing herein shall prevent me from filing and pursuing proceedings before . . . the United States Equal Employment Opportunity Commission (although if I choose to pursue a claim following the exhaustion of such administrative remedies, that claim would be subject to the provisions of this Agreement).
> . . . .
>
> I understand and agree to this binding arbitration provision, and both I and the Company give up our right to trial by jury of any claim I or the Company may have against each other.

Exh. A to Mot. (#6) (emphasis added).

## Discussion

Congress enacted the Federal Arbitration Act, 9 U.S.C. §§ 1-16 ("FAA"), to overcome judicial resistance to arbitration. *Buckeye Check Cashing, Inc. v. Cardegna*, 526 U.S. 440, 441 (2006). In general, arbitration provides a forum for resolving disputes more expeditiously and with greater flexibility than litigation. *See Kyocera Corp. v. Prudential-Bache Trade Servs., Inc.*, 341 F.3d 987, 998 (9th Cir. 2003). By enacting the FAA, "Congress declared a national policy favoring arbitration and withdrew the power of the states to require a judicial forum for the resolution of claims which the

---

[1] Sharifan Dental Group is a company affiliated with Pacific Dental Services, Inc.

1  contracting parties agree to resolve by arbitration." *Southland Corp. v. Keating*, 466 U.S. 1, 10 (1984).
2  In *Prudential Ins. Co. of America v. Lai,* the Ninth Circuit explained that a plaintiff "may only be forced
3  to forego her statutory remedies and arbitrate her claims if she has knowingly agreed to submit such
4  disputes to arbitration." 42 F.3d 1299, 1305 (9th Cir. 1994) (citing Civil Rights Act of 1991; *Alexander*
5  *v. Gardner Denver*, 415 U.S. 36, 51-52 (1991); *Gilmer v. Interstate/Johnson Lane Corp*., 500 U.S. 20
6  (1991); *Mago v. Shearson Lehman Hutton Inc.*, 956 F.2d 932 (9th Cir. 1992)). The findings and
7  conclusions in *Lai*, decided in the context of a Title VII action, were later applied to an ADA lawsuit
8  in *Nelson v. Cyprus Bagdad Copper Corp.*, 119 F.3d 756, 761 (9th Cir. 1997).

9      While the arbitration agreement does not specifically identify ADA employment discrimination
10 claims, plaintiff was on sufficient notice that any employment claims would be subject to arbitration.
11 Plaintiff's cases only underscore this conclusion. This is not a situation where, for example, the
12 arbitration agreement was tucked away in the back of an employee handbook and plaintiff signed a form
13 acknowledging receipt of the handbook and merely promising to read and understand its contents. *See*
14 *Nelson*, 119 F.3d at 758. Nor was the agreement unclear as to what types of disputes it covered. *See*
15 *Lai*, 42 F.3d at 1305 ("even if appellants had signed a contract containing the [] arbitration clause, it
16 would not put them on notice that they were bound to arbitrate Title VII claims. That provision did not
17 even refer to employment disputes."). Rather, here plaintiff signed a one page stand-alone arbitration
18 agreement that clearly stated that all employment disputes "whether they be based on the California Fair
19 Employment and Housing Act, Title VII of the Civil Rights Act of 1964, as amended, *or any other state*
20 *or federal law or regulation*," would proceed before an arbitrator. Plaintiff's claim is just that: an
21 employment dispute based on an alleged violation of the federal ADA and Nevada's anti-discrimination
22 statutes.

23     Accordingly, and for good cause shown,

24 . . .

25 . . .

26

IT IS ORDERED that defendants' Motion to Compel Arbitration (#6) is granted.

IT IS FURTHER ORDERED that defendant's Motion to Stay Proceedings (#9) is granted. Discovery is hereby stayed pending further order of the court.

DATED this 31st day of March, 2011.

*/s/ L. Leavitt*

_____
**LAWRENCE R. LEAVITT**
**UNITED STATES MAGISTRATE JUDGE**